IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEATHER L. WHITE, individually and on behalf of similarly situated persons, | Case No. 17-cv-10595 |
| Plaintiff, | |
| v. | |
| LJ ROSS ASSOCIATES, INC., | Trial by Jury Demanded |
| Defendant. | |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Heather L. White, ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons, against Defendant LJ Ross Associates, Inc. (collectively "Defendants"), for violating the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Occupational Code ("MOC").

2. Defendant violated the FDCPA and MOC by attempting to collect a debt that was discharged in Plaintiff's Chapter 7 Bankruptcy, *In re Heather L. White*, 14—53851-mbm (E.D. Mich. Bnkr.)

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k(d) (FDCPA), 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4. Venue and personal jurisdiction over Defendants in this District is proper because:

   a. Plaintiff resides in Wayne County, Michigan;

   b. LJ Ross Associates, Inc., is located at 4 Universal Way, Jackson, Michigan 49202; and

   c. Defendant's conduct at issue was directed to Plaintiff who is within the District.

## PARTIES

5. Plaintiff is a natural person who resides within the District.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

7. LJ Ross Associates, Inc. holds itself out as being "licensed to perform collection in all 50 states", http://www.ljross.com/services, and has been sued in federal district courts located in the Sixth, Seventh and Third Circuit Court of Appeals.

8. LJ Ross Associates, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. LJ Ross Associates, Inc. is a "collection agency" under the MOC, M.C.L § 339.901(b).

**FACTS**

10. Medical bills are the biggest cause of US Bankruptcies. http://www.cnbc.com/id/100840148

11. Plaintiff incurred numerous medical bills at the University of Michigan Hospital.

12. On August 28, 2014, Plaintiff filed for Chapter 7 Bankruptcy, *In re Heather L. White*, 14-53851-mbm (E.D. Mich. Bnkr.).

13. Plaintiff listed on Schedule F – Creditors Holding Unsecured Non-Priority Claims, a debt owed to University of Michigan Health system, Dept CH 1100, Palatine, IL 60055 in the amount of $1083.00 *In re Heather L. White*, 14-53851-mbm, Doc. 3 (E.D. Mich. Bnkr.)

14. On November 25, 2014, Plaintiff received a Bankruptcy Discharge, and the Order was entered on March 25, 2011. *In re Heather L. White*, 14-53851-mbm, Doc 11 (E.D. Mich. Bnkr.)

15. Bankruptcy filings are a matter of public record.

16. L.J. Ross sent Plaintiff fifteen separate collection letters, all dated March 3, 2016, a copy of which is attached here as Group Exhibit A, (the "subject letters").

17. Each of the fifteen statements dated March 3, 2016, were sent in a separate envelope.

18. Upon receiving the original letters, Group Exhibit A, Plaintiff was confused about her legal rights under the bankruptcy discharge and sought out legal advice, expending time and money.

19. L.J. Ross had previously tricked Plaintiff into paying a medical bill that was discharged in bankruptcy.

20. Plaintiff has experienced great stress, aggravation, and her overall health has been affected.

## COUNT I
## ATTEMPTING TO COLLECT A DEBT DISCHARGED IN BANKRUPTCY

21. Plaintiff incorporates paragraphs 1-20 above herein.

22. The debt Defendant attempted to collect from Plaintiff was discharged in Plaintiff's Chapter 7 Bankruptcy prior to the date of Defendant's collection attempt.

23. It is believed that other persons are similarly situated to Plaintiff in that LJ Ross has attempted to collect from them a debt that was discharged in bankruptcy. *See e.g. Jobe v. LJ Ross Associates, Inc.*, 2:16-cv-14504-RHC-EAS, Doc. 1, Complt. (E.D. Mich. Dec. 30, 2016).

24. As of the entry of the bankruptcy discharge, Plaintiff no longer owed the subject sixteen debts.

25. Defendant falsely represented that there was a balance owed on each of the subject debts, thereby falsely representing to her the legal protections she had received from her bankruptcy discharge.

26. Defendant's conduct amount to an abusive, unfair and unconscionable practice.

27. Plaintiff has a substantive right to be free from the attempted collection of a debt discharged in bankruptcy.

28. The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

29. Defendant's conduct of sending the letters in Group Exhibit A violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10), and 15 U.S.C. § 1692f.

30. Each of the fifteen letters is a separate and distinct violation of the FDPCA, but in the interest of judicial economy Plaintiff has consolidated each of these fifteen separate cases here into one Complaint, a course of action contemplated by Rule 42(a), LR 42.1 and LR 83.11(b)(7).

31. Defendant's conduct of sending the letters in Group Exhibit A violated and tricking her to pay on an earlier discharged debt violated MCL §§ 339.915 (e), (f)(ii).

32. Plaintiff's MOC class claims here mirror Plaintiff's FDCPA class claims. *See Gamby v. Equifax Info. Servs. LLC*, 462 Fed. Appx. 552, 556 n.5 (6th Cir. 2012) (unpublished).

33. "[I]n the absence of any such circumstance [set forth in 28 U.S.C. §1367(c)], it does not appear that a court would be authorized—let alone required—to decline to exercise jurisdiction." *Hucul Advertising, LLC v. Charter Twp. Of Gains*, 748 F.3d 273, 281 (6th Cir. 2014). No set of circumstances set forth in 28 U.S.C. § 1367(c) exist here.

## CLASS ACTION

34. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 20011).

35. On information and belief there are more than 40 persons similarly situated to Plaintiff from whom within one year of the filing of this Complaint L.J. Ross attempted to collect a debt that had previously been discharged in Bankruptcy.

36. Pursuant to Rule 23 the above definition may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

37. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

38. The predominate question is whether attempting to collect a debt discharged in bankruptcy violates the FDCPA and/or the MCPA.

39. Plaintiff will fairly and adequately protect the interests of each class.

40. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff requests that the Court to enter an order that this matter may proceed as a class action, appoint Plaintiff as the class representative and enter any incentive award deemed reasonable by the Court for Plaintiff's services as the class representative, find Defendant to have violated the Fair Debt Collection Practices Act and enter a judgment in favor of Plaintiff and a certified class for statutory damages, actual damages and attorney's fees and costs of suit as allowed by the FDCPA and MOC, along with injunctive relief and treble damages for willful conduct under the MOC.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300

Park Ridge, IL 60068
(847) 701-5290
cwarner@warner.legal

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com